IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01493-BNB

GERALDO DE LA ROSA,[1]

    Applicant,

v.

HOYT BRILL (Warden of CCA), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 5 2008

GREGORY C. LANGHAM
                        CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Applicant Geraldo De La Rosa is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center at Burlington, Colorado. Mr. De La Rosa initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his state court criminal conviction. On August 12, 2008, Mr. De La Rosa filed an amended habeas corpus application pursuant to 28 U.S.C. § 2241. In an order filed on August 14, 2008, Magistrate Judge Craig B. Shaffer ordered Mr. De La Rosa to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because he is challenging the validity of his conviction. On September 15, 2008, Mr. De La Rosa filed on the proper form an application for a writ of habeas corpus pursuant to § 2254.

---

[1] Applicant writes his last name as "De Le Rosa" in most of the documents filed in this action. Respondent refers to Applicant's last name as "De La Rosa" and all of the state court briefs and orders from Applicant's criminal case that have been submitted to the Court refer to Applicant's last name as "De La Rosa." The Court will refer to Applicant's last name as "De La Rosa" throughout this order.

In an order filed on September 18, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On September 30, 2008, Respondents filed a Pre-Answer Response. On October 17, 2008, Mr. De La Rosa filed a reply to the Pre-Answer Response.

The Court must construe the second amended application and other papers filed by Mr. De La Rosa liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the second amended application in part.

Mr. De La Rosa is challenging the validity of his conviction and sentence in Denver District Court case number 04CR664. Pursuant to a plea agreement, Mr. De La Rosa entered a guilty plea to one count of aggravated robbery. However, prior to sentencing, Mr. De La Rosa filed a motion to withdraw his guilty plea. The motion to withdraw the guilty plea was denied and Mr. De La Rosa ultimately was sentenced to thirty years in prison and five years of mandatory parole. Mr. De La Rosa filed an appeal from the order denying his motion to withdraw the guilty plea and that order was affirmed by the Colorado Court of Appeals. On March 26, 2007, the Colorado Supreme Court denied Mr. De La Rosa's petition for writ of certiorari. Mr. De La Rosa also filed a

timely motion for reconsideration of his sentence that was denied by the trial court on August 28, 2007.

The Court received the instant action for filing on July 8, 2008. Mr. De La Rosa asserts three claims for relief in the amended application filed on September 15, although the claims are not entirely clear. According to Respondents, Mr. De La Rosa's three claims are that (1) the trial court erred by denying his motion to dismiss his public defender and appoint conflict-free counsel for sentencing; (2) he received ineffective assistance of counsel at sentencing due to a complete breakdown of communication with his public defender; and (3) he did not knowingly, voluntarily, and intelligently waive his right to counsel. The Court finds that Respondents fairly have characterized the claims Mr. De La Rosa is asserting in this action and Mr. De La Rosa has not objected to any possible mischaracterization of his claims in his reply to the Pre-Answer Response.

Respondents first argue in the Pre-Answer Response that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents assert that this action is time barred based on the gap between August 28, 2007, when the trial court denied Mr. De La Rosa's state court motion for sentence reconsideration, and September 12, 2008, the date Mr. De La Rosa signed his second amended habeas corpus application. However, as noted above, Mr. De La Rosa submitted his original habeas corpus application to the Court for filing on July 8, 2008, which is less than one year after the date the state court denied his motion for sentence reconsideration. Therefore, the Court finds that Respondents' argument for dismissing this action as time-barred lacks merit.

Respondents also argue that Mr. De La Rosa has failed to exhaust state court remedies for his second claim for relief. Respondents concede that Mr. De La Rosa's first and third claims for relief are exhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies

4

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state court remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that Mr. De La Rosa's second claim for relief, the claim that counsel was ineffective at sentencing, is not exhausted because that claim was not fairly presented to either the Colorado Court of Appeals or the Colorado Supreme Court. Mr. De La Rosa does not address the exhaustion issue in his reply to the Pre-Answer Response. However, the Court has reviewed the appellate briefs provided by Respondents with their Pre-Answer Response and the Court agrees that Mr. De La Rosa did not raise an ineffective assistance of counsel claim in either the Colorado Court of Appeals or the Colorado Supreme Court.

As conceded by Respondents, Mr. De La Rosa did argue in his appellate briefs that his federal constitutional rights were violated because the trial court failed to appoint conflict-free counsel for sentencing and because he did not knowingly, voluntarily, and intelligently waive his right to counsel. However, even though these claims may be related to the ineffective assistance of counsel claim, Mr. De La Rosa cannot exhaust state court remedies by presenting to the state courts a different claim than he raises in federal court. *See Picard*, 404 U.S. at 276. "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Therefore, because Mr. De La Rosa did not raise an ineffective assistance of counsel claim on appeal in the state courts, that claim is not exhausted.

Although Mr. De La Rosa failed to exhaust state remedies for his ineffective assistance of counsel claim, the Court may not dismiss that claim for failure to exhaust state remedies if Mr. De La Rosa no longer has an adequate and effective state remedy

available to him. See *Castille*, 489 U.S. at 351. As Respondents note, the Colorado Rules of Criminal Procedure provide that a court shall deny any claim that could have been presented in a prior appeal or postconviction proceeding. See Colo. R. Crim. P. 35(c)(3)(VII). Therefore, Mr. De La Rosa's ineffective assistance of counsel claim is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. See *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. De La Rosa's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. See *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. De La Rosa fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his ineffective assistance of counsel claim will result in a fundamental miscarriage of justice. Therefore, the Court finds that Mr. De La Rosa's ineffective assistance of counsel claim is procedurally barred and must be dismissed.

In summary, the Court will not dismiss this action as untimely but the Court will dismiss Mr. De La Rosa's second claim for relief, the ineffective assistance of counsel claim, as procedurally barred. Therefore, upon completion of the Court's review

pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. See D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Applicant's second claim for relief is dismissed for the reasons stated in this order. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 4 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01493-BNB

Geraldo De la Rosa
Prisoner No. 124022
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/5/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk