IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01493-WYD

GERALDO DE LA ROSA,[1]

    Applicant,

v.

HOYT BRILL (Warden of CCA), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant Geraldo De La Rosa is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado. This matter is before me on the second amended application for a writ of habeas corpus filed *pro se* by Mr. De La Rosa on September 15, 2008. Mr. De La Rosa is challenging the validity of his conviction in Denver District Court case number 04CR664.

During the Court's initial review of this action, Senior Judge Zita L. Weinshienk entered an order that was filed on November 5, 2008, dismissing the second amended application in part and directing that the case be drawn to a district judge. The case was drawn to me.

---

[1]Applicant writes his last name as "De Le Rosa" in a number of documents filed in this action. Respondent refers to Applicant's last name as "De La Rosa" and all of the state court briefs and orders from Applicant's criminal case that have been submitted to the Court refer to Applicant's last name as "De La Rosa." I will refer to Applicant's last name as "De La Rosa" throughout this order.

On November 18, 2008, I directed Respondents to show cause why the application for a writ of habeas corpus should not be granted. On December 12, 2008, Respondents filed their Answer. On December 19, 2008, Mr. De La Rosa filed a traverse to Respondents' Answer. On July 1, 2009, I ordered Respondents to provide the state court record of Mr. De La Rosa's criminal case. The state court record was received on December 7, 2009.

I must construe the second amended application and other papers filed by Mr. De La Rosa liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. After reviewing the entire file and the state court record, I find that an evidentiary hearing is not necessary. For the reasons stated below, the second amended application will be denied.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Mr. De La Rosa was charged in January 2004 with two counts of aggravated robbery and five counts of felony menacing. He originally was represented by a public defender, but subsequently retained private defense counsel. In July 2004, Mr. De La Rosa agreed to plead guilty to an added count of armed robbery. Prior to sentencing, Mr. De La Rosa filed a *pro se* motion to withdraw the guilty plea and dismiss counsel. At Mr. De La Rosa's sentencing hearing, the trial court granted the motion to dismiss counsel and, without appointing new counsel to represent Mr. De La Rosa, denied his motion to withdraw the guilty plea. The trial court then reappointed the public defender's office to represent Mr. De La Rosa for the purposes of sentencing and

continued the hearing.

Prior to the next sentencing date, Mr. De La Rosa filed *pro se* motions asking that the public defender be removed from his case and that the court appoint conflict-free counsel to investigate his allegations in the motion to withdraw his guilty plea. At his rescheduled sentencing hearing, the public defender representing Mr. De La Rosa renewed Mr. De La Rosa's request to withdraw his guilty plea and informed the trial court that Mr. De La Rosa wanted conflict-free counsel appointed. On November 2, 2004, the trial court denied these motions and sentenced Mr. De La Rosa to thirty years in prison. The Colorado Court of Appeals subsequently affirmed the trial court's order denying Mr. De La Rosa's motion to withdraw his guilty plea. *See People v. De La Rosa*, No. 04CA2257 (Colo. Ct. App. Nov. 24, 2006). On March 26, 2007, the Colorado Supreme Court denied Mr. De La Rosa's petition for writ of certiorari.

On July 25, 2007, Mr. De La Rosa filed a postconviction motion for sentence reconsideration. The trial court denied the motion for sentence reconsideration on August 28, 2007.

Mr. De La Rosa asserts three claims for relief in the second amended application. He specifically claims that: (1) the trial court erred by denying his motion to dismiss the public defender and appoint conflict-free counsel for sentencing; (2) he received ineffective assistance of counsel at sentencing due to a complete breakdown of communication with the public defender; and (3) he did not knowingly, voluntarily, and intelligently waive his right to counsel. In her November 5, 2008, order, Senior Judge Weinshienk dismissed Mr. De La Rosa's ineffective assistance of counsel claim as procedurally barred. Therefore, the only claims before me are claims one and three.

Mr. De La Rosa's first and third claims both relate to the trial court's denial of his motion to withdraw his guilty plea when he was not represented by counsel. Mr. De La Rosa maintains that he did not voluntarily waive his right to be represented by counsel when the trial court denied the motion to withdraw his guilty plea (claim three) and that the public defender who relitigated the motion to withdraw his guilty plea at a subsequent sentencing hearing had a conflict of interest (claim one). On appeal, the Colorado Court of Appeals determined that the trial court erred in denying Mr. De La Rosa's motion to withdraw his guilty plea when he was not represented by counsel but also found that the error was harmless.

> First, the court revisited defendant's motion to withdraw his plea at the second hearing, and defendant was represented by counsel at that time. At that hearing, the court also considered an additional claim raised by defendant in one of his previous filings that was not addressed in the first hearing. Thus, defendant ultimately had counsel to represent him in the presentation of his motion to the court. Second, defendant has not alleged what other issues or claims counsel could have raised at that first hearing that would have resulted in a different decision. Thus, he has failed to prove that he was prejudiced by the court's actions.

(*De La Rosa*, slip op. at 3.)

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

> (2)  resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. De La Rosa seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Id.* at 412. Furthermore,

> clearly established law consists of Supreme Court holdings
> in cases where the facts are at least closely-related or
> similar to the case *sub judice*.  Although the legal rule at
> issue need not have had its genesis in the closely-related or
> similar factual context, the Supreme Court must have
> expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of my inquiry pursuant to § 2254(d)(1).  *See id.* at 1018.  If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly
> established federal law if: (a) "the state court applies a rule
> that contradicts the governing law set forth in Supreme Court
> cases"; or (b) "the state court confronts a set of facts that are

5

> materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House*, 527 F.3d at 1018.

My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows me to grant a writ of habeas corpus only if the state court decision was based on an

6

unreasonable determination of the facts in light of the evidence presented.  Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. De La Rosa bears the burden of rebutting the presumption by clear and convincing evidence.  "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'"  *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, I "owe deference to the state court's *result*, even if its reasoning is not expressly stated."  *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).  Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented."  *Id.* at 1178.  "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims."  *Id.*

### III.  MERITS OF THE CLAIMS

As noted above, the only claims before me are claims one and three in the second amended application.  I first will address claim three, in which Mr. De La Rosa asserts that he did not knowingly, voluntarily, and intelligently waive his right to counsel at his original sentencing hearing.  Mr. De La Rosa specifically contends that he did not waive his right to counsel at his original sentencing hearing when the trial court denied his motion to withdraw his guilty plea after granting Mr. De La Rosa's motion to dismiss counsel and prior to reappointing the public defender to represent him.

The Sixth Amendment to the United States Constitution provides that "[i]n all

criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." The right to counsel includes not only the right to retain counsel, but also the right of an indigent defendant to have counsel appointed for him at state expense. *Gideon v. Wainwright*, 372 U.S. 335 (1963).

A defendant in a criminal proceeding also has a constitutional right to waive his right to counsel and to represent himself. *Faretta v. California*, 422 U.S. 806, 817 (1975). In order to be effective, a waiver of counsel must be knowing, voluntary, and intelligent. *See Iowa v. Tovar*, 541 U.S. 77, 88 (2004). Whether a waiver is knowing, voluntary, and intelligent "depends in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Edwards v. Arizona*, 451 U.S. 477, 482 (1981). In the context of a criminal proceeding that goes to trial, warnings regarding the pitfalls of proceeding without counsel must be rigorously conveyed. *See Patterson v. Illinois*, 487 U.S. 285, 299 (1988). However, "at earlier stages of the criminal process, a less searching or formal colloquy may suffice." *Tovar*, 541 U.S. at 89. In the context of a criminal proceeding that is resolved by a guilty plea prior to trial, "[t]he constitutional requirement [for an effective waiver of counsel] is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." *Id.* at 81.

The issue of whether a waiver of the right to counsel is knowing, voluntary, and intelligent is a mixed question of law and fact. *See Strozier v. Newsome*, 926 F.2d 1100, 1104 (11th Cir. 1991). Finally, Mr. De La Rosa bears the burden of proving that

he did not competently and intelligently waive his right to the assistance of counsel. *See Tovar*, 541 U.S. at 92.

As noted above, the Colorado Court of Appeals determined that the trial court erred when it denied Mr. De La Rosa's motion to withdraw his guilty plea while he was unrepresented. Respondents do not challenge this determination. Instead, Respondents argue, as the state appeals court concluded, that any error in denying Mr. De La Rosa's motion to withdraw his guilty plea after granting his motion to dismiss counsel and prior to reappointing the public defender was harmless because the motion to withdraw the guilty plea was relitigated at a subsequent sentencing hearing at which Mr. De La Rosa was represented by counsel.

A violation of the right to counsel protected by the Sixth Amendment that pervades the entire criminal proceeding can never be considered harmless. *See Satterwhite v. Texas*, 486 U.S. 249, 256 (1988). However, the Supreme Court has applied harmless error to a variety of Sixth Amendment violations that did not pervade the entire criminal proceeding. *See id.* at 258 (admission at capital sentencing of psychiatric evidence obtained in violation of Sixth Amendment); *Coleman v. Alabama*, 399 U.S. 1, 9-10 (1970) (denial of counsel at preliminary hearing); *Moore v. Illinois*, 434 U.S. 220, 232 (1977) (admission at trial of identification evidence obtained in violation of Sixth Amendment); *Milton v. Wainwright*, 407 U.S. 371, 377-78 (1972) (admission of confession obtained without counsel).

I find that Mr. De La Rosa's Sixth Amendment claim in this action is subject to harmless error review because the alleged denial of counsel did not pervade the entire criminal proceeding. Instead, Mr. De La Rosa alleges only that he was denied counsel

with respect to his motion to withdraw his guilty plea.

"[I]n § 2254 proceedings a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard" in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). *Fry v. Pliler*, 551 U.S. 112, 121 (2007). Pursuant to *Brecht*, a constitutional error does not warrant habeas relief unless I conclude that it "had substantial and injurious effect" on the guilty plea. *Brecht*, 507 U.S. at 637. If the evidence is balanced so evenly that I am in grave doubt about whether the error meets this standard, I must hold that the error is not harmless. *O'Neal v. McAninch*, 513 U.S. 432, 436-37 (1995). I make this harmless error determination based upon my review of the entire state court record. *See Herrera v. Lemaster*, 225 F.3d 1176, 1179 (10th Cir. 2000).

I have reviewed the state court record and I do not find that the denial of counsel at Mr. De La Rosa's original sentencing hearing "had substantial and injurious effect" on his guilty plea. *Brecht*, 507 U.S. at 637. As the Colorado Court of Appeals noted, Mr. De La Rosa relitigated the motion to withdraw his guilty plea at a subsequent hearing when he was represented by counsel and he fails to identify any issues that could have been raised at his original sentencing hearing that would have resulted in a different decision. Therefore, I find that claim three lacks merit and must be dismissed. To the extent Mr. De La Rosa attempts to demonstrate prejudice by arguing that the public defender who relitigated the motion at the subsequent hearing had a conflict of interest, that is the basis for claim one, which I reject for the reasons discussed below.

Mr. De La Rosa contends in claim one that the trial court erred by denying his motion to dismiss the public defender and appoint conflict-free counsel for sentencing in

violation of his federal constitutional rights. A criminal defendant has a constitutional right to representation by counsel that is free from conflicts of interest. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). In order to prevail on a claim that counsel was ineffective because of a conflict of interest, Mr. De La Rosa must show both that counsel actively represented conflicting interests and that the conflict of interest adversely affected counsel's performance. *See id.*

Mr. De La Rosa contends that the public defender who ultimately represented him at sentencing had a conflict of interest because she was the same public defender who represented him earlier in the pre-trial proceedings. Mr. De La Rosa specifically asserts that the public defender appointed to represent him at sentencing was the same attorney that failed to provide adequate advice regarding the plea agreement he was seeking to withdraw and that, as a result, she did not raise her own inadequate advisement in support of the request to withdraw the guilty plea. (*See* Traverse at 6.)

My review of the state court record does not support Mr. De La Rosa's contention that his public defender had a conflict of interest with respect to his plea agreement. The record reveals that Mr. De La Rosa originally was represented by the same public defender who later was reappointed to represent him at sentencing. However, following her initial appointment and prior to Mr. De La Rosa entering a guilty plea, the public defender moved to withdraw because Mr. De La Rosa had retained private counsel. Mr. De La Rosa actually was represented by private counsel when he entered the guilty plea that he later sought to withdraw and Mr. De La Rosa does not allege what inadequate advice the public defender provided that affected his decision to plead guilty while he was represented by private counsel. As a result, I cannot conclude that the

public defender who was reappointed to represent Mr. De La Rosa at sentencing had a conflict of interest when she reasserted Mr. De La Rosa's arguments in support of his motion to withdraw the guilty plea. Therefore, Mr. De La Rosa's first claim for relief also lacks merit. Accordingly, it is

ORDERED that the second amended habeas corpus application is DENIED and the action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees. It is

FURTHER ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

Dated:   December 23, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge